ESTHER EARL and another *vs.* ELIZABETH P. GODLEY and others.

January 17, 1890.

Indian Tribes — Marriage — Legitimacy. — An Indian tribe within the state, recognized as such by the United States government, is to be considered as a separate community or people, capable of managing its own affairs, including the domestic relations; and those persons belonging to the tribe who are recognized by the custom and laws of the tribe as married persons must be so treated by the courts, and the children of such marriages cannot be regarded as illegitimate.

Action to determine adverse claims to lands in McLeod county, brought in the district court for that county, and tried by M. O. Little, Esq., as referee, who ordered judgment for defendants. A new trial was ordered by *Edson*, J., and the defendants appealed. The plaintiffs claimed title through a deed from Jane Ortley, mother of Henry F. Ortley, Jr., the patentee; the defendants through a deed from his father, Henry F. Ortley, Sr.

*Eugene M. Wilson* and *Francis G. Burke,* for appellants.

*R. H. McClelland* and *H. J. Peck,* for respondents.

VANDERBURGH, J. The only question presented by the record is whether Henry F. Ortley, under whom defendants claim title, and Jane Ortley, were husband and wife, so that the former, under the laws of inheritance and descent in this state, became entitled to the land in controversy as the heir-at-law of Henry F. Ortley, Jr., deceased, who was the patentee of the land, and is admitted to have been the child of the parties first named. It is denied by the respondents that Jane was the lawful wife of the first-named Henry Ortley. The case was tried before a referee, who found for the defendants on the issue presented, and among other facts that the child

Henry F. Ortley, Jr., was born in 1849, in what is now the town of Bloomington, Hennepin county, in this state, and that he died in the same place about the year 1859, and was a half-breed or mixed blood of the Sioux nation of Indians; that at the time of his birth his parents had been living and cohabiting together as husband and wife, and continued so to do, from about the year 1848, for the period of 16 years, during which time several children were born unto them, including Henry, and during all this time they continued to reside in Bloomington with and among the tribe of Sioux Indians, and that they were married about the year 1848, in accordance with the usage and custom of the tribe with which they lived. And in respect to this Indian custom it is found that among that Indian tribe there was a custom or law that any member of the tribe who desired to obtain a wife might purchase one, and the man and woman would thereupon, in accordance with such custom, live and cohabit together as husband and wife without other or further marriage ceremony; and that, in accordance with the usage and established custom prevailing among them, the parties might either of them also divorce themselves by dismissing or abandoning the other, without further ceremony, and thereupon either was at liberty to take another husband or wife; and that among the tribe referred to there was no other custom, law, or form of marriage. These parties must be deemed to be, as the referee found they were, husband and wife, under the custom and law of their tribe, and the sole remaining question is whether such Indian marriages should be treated as valid, and the children of such marriages legitimate. The distinct tribal relations of these Indians were, during the time in question, still maintained, and they were recognized by the United States as a distinct political community. *U. S.* v. *Shanks*, 15 Minn. 302, (369.) And where the tribal relation is still recognized by the government as existing, in its dealings with them, the fact that their primitive habits have been modified by their intercourse with the whites does not authorize a state to treat them as subject to its laws in respect to their relations and dealings with each other. *The Kansas Indians*, 5 Wall. 737. The general rule is that marriages valid by the laws of the country where they are entered into are binding here, though not solemnized in accordance with the

provisions of our laws; and the same rule must be adopted in relation to these Indian marriages, where the tribal relation still exists. Under the laws of the United States they are recognized as capable of managing their own affairs, including their domestic relations, and those persons who were recognized by the Indian custom and law as married persons must be so treated by the courts, and their children cannot be regarded illegitimate. *Kobogum* v. *Jackson Iron Co.*, 76 Mich. 498, (43 N. W. Rep. 602, 605,) and cases cited; *Boyer* v. *Dively*, 58 Mo. 510; *Sutton* v. *Warren*, 10 Met. 451. The estate of Henry F. Ortley, Jr., therefore, was inherited by his father, and the defendants are the lawful owners of the land in controversy.

Order reversed, and case remanded, with directions to render judgment for the defendants upon the report of the referee.